**Faduma M. HASSAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72559.
Agency No. A75–306–497.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2003.*

Decided March 16, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Caroline Ostrom, Esq., Neumeyer & Boyd, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAS–District Counsel, Office of the District Counsel, San Diego, CA, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Donald E. Keener, Esq., Francis W. Fraser, Esq., U.S. Department of Justice, for Respondent.

Before HALL, O'SCANNLAIN, and McKEOWN, Circuit Judges.

## ORDER

Respondent's petition for panel rehearing is GRANTED. The memorandum disposition filed December 2, 2003, is withdrawn and a new memorandum disposition shall be filed in its stead.

## MEMORANDUM **

Petitioner Faduma M. Hassan ("Hassan") appeals the Board of Immigration Appeals' ("BIA's") denial of her application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We reverse the BIA's final

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

order of removal and remand for proceedings consistent with this disposition.

Because the facts are known to the parties we do not repeat them here.

We review the BIA's findings for substantial evidence. *See Andriasian v. INS,* 180 F.3d 1033, 1040 (9th Cir.1999). The BIA's decision must be upheld unless the evidence would compel a reasonable adjudicator to reach a contrary result. 8 U.S.C. § 1252(b)(4)(B). "Where, as here, the BIA reviews the IJ's decision de novo, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000) (internal quotation marks omitted).

■ The BIA upheld the order of removal in part because it found that the IJ's negative credibility determination was supported by substantial evidence. We disagree. Under the substantial evidence standard, the IJ "must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Hartooni v. INS,* 21 F.3d 336, 342 (9th Cir.1994).

The fact that Hassan's rape was not mentioned in her asylum application form does not amount to a cogent reason supporting the IJ's adverse credibility finding. The asylum officer's notes from the initial interview mentioned the rapes of Hassan's sisters and the fact that United Somali Congress soldiers touched Hassan "all over her body." Moreover, we have held that an applicant's failure to relate details about sexual assault or abuse at the first opportunity "cannot reasonably be characterized as an inconsistency." *Paramasamy v. Ashcroft,* 295 F.3d 1047, 1053 (9th Cir. 2002) ("That a woman who has suffered sexual abuse at the hands of male officials does not spontaneously reveal the details of that abuse to a male interviewer does not constitute an inconsistency from which it could reasonably be inferred that she is lying.")

The apparent inconsistency between Hassan's asylum form and her testimony as to the precise number of her attackers was not significant. "Minor" errors or inconsistencies "that do not relate to the basis of an applicant's alleged fear of persecution, go to the heart of the asylum claim, or reveal anything about an asylum applicant's fear for his safety are insufficient to support an adverse credibility finding." *Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003).

The record suggests that the confusion regarding Hassan's brother's escape to Kenya resulted from a translation problem. However, discrepancies that are "possibly the result of mistranslation or communication" are not a legitimate basis for an adverse credibility finding. *Akinmade v. INS,* 196 F.3d 951, 956 (9th Cir. 1999).

The IJ's last reason for doubting Hassan's credibility–that she was lying about her father's job and the family's subjection to burglaries–had no basis and was not supported by substantial evidence. "Speculation and conjecture cannot form the basis of an adverse credibility finding. . . ." *Shah v. INS,* 220 F.3d 1062, 1071 (9th Cir.2000).

■ In addition, the BIA upheld the IJ's finding that Hassan had been firmly resettled in Tanzania. We reverse since the record compels a contrary finding. An applicant is not eligible for asylum in the United States if she has been firmly resettled in another country. *See* 8 U.S.C. § 1158(b)(2)(A)(vi). "An alien is considered to be firmly resettled if, prior to arrival in the United States, he or she entered into another country with, or while in that country received, an offer of permanent resident status, citizenship, or some other type of permanent resettle-

ment...." 8 C.F.R. § 1208.15. We have held that a "duration of residence in a third country sufficient to support an inference of permanent resettlement in the absence of evidence to the contrary shifts the burden of proving absence of firm resettlement to the applicant." *Cheo v. INS*, 162 F.3d 1227, 1229–30 (9th Cir. 1998).

In this case, the burden of proof shifted to Hassan because she lived in Tanzania for more than three years. Nevertheless, Hassan proved absence of firm resettlement. As the IJ acknowledged, the Tanzanian authorities did not extend an offer of permanent resettlement to Hassan.

The record also compels a contrary conclusion on the BIA's finding that Hassan "failed to establish past persecution ... in Somalia based on one of the five protected statutory grounds ..."

In order to be eligible for asylum, an applicant must show that she is unable or unwilling to return to her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). We have defined a "particular social group" as "one united by voluntary association ... or by an innate characteristic that is so fundamental to the identities or consciences of its members that members either cannot or should not be required to change it." *Hernandez–Montiel v. INS*, 225 F.3d 1084, 1093 (9th Cir.2000).

To qualify for asylum, an applicant must show that her fear of persecution is well-founded by showing that such fear is both subjectively genuine and objectively reasonable. *See Montecino v. INS*, 915 F.2d 518, 521 (9th Cir.1990). Once an applicant establishes past persecution, a presumption arises that she has a well-founded fear of future persecution. *See Popova v. INS*, 273 F.3d 1251, 1259 (9th Cir.2001). Under

the current version of 8 C.F.R. § 1208.13(b)(1)(i)(A), in order to rebut the presumption of a well-founded fear, the government must show by a preponderance of the evidence that there has been a "fundamental change in circumstances such that the applicant no longer has a well-founded fear...." *Baballah v. Ashcroft*, 335 F.3d 981, 992 (9th Cir.2003).

Hassan established past persecution based upon a particular social group–her clan. Her credible testimony about being raped and separated from her family reflected a subjectively genuine fear of persecution. Numerous documents in the record provide objective evidence in support of Hassan's account of what happened to her in Mogadishu in January 1991. The government did not rebut the presumption that she has a well-founded fear of future persecution.

We remand for proceedings consistent with this holding. *INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

REVERSED AND REMANDED.